**Betty Jean MURPHY, Plaintiff–
Appellant,**

v.

**DEPARTMENT OF JUSTICE, et
al., Defendants–Appellees.**

**No. 00–6031, 00–6296.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

## ORDER

Betty Jean Murphy, a pro se federal prisoner, appeals a district court judgment dismissing her civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 42 U.S.C. § 1983. Murphy has also appealed a district court order denying her motion for relief construed as being filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Murphy sued the United States Department of Justice, the Federal Bureau of Prisons, multiple federal and state prisons, and multiple federal and state prison employees. Murphy's complaint exceeds ninety typed pages with more than 100 pages of attached exhibits. Murphy essentially claimed that various events violated her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. The district court dismissed the complaint for Murphy's failure to exhaust her available administrative remedies. Murphy then sought reconsideration of the district court's judgment under Rule 60(b). The district court denied the motion.

Murphy has appealed both the district court's original judgment and its denial of the motion for reconsideration. Murphy requests an evidentiary hearing on remand and that summonses be served on the defendants. Murphy has also moved for the appointment of counsel.

■■■ The district court's dismissal of the complaint pursuant to 28 U.S.C. § 1915A is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The denial of relief under Rule 60(b) is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

■■■ The district court properly dismissed Murphy's complaint as Murphy failed to exhaust her available administrative procedures. Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the plaintiff must establish

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

that all available administrative remedies have been exhausted and she should attach documentation to the complaint indicating the administrative disposition of any grievance she filed. *Id.* When a prisoner has filed a civil rights complaint without first exhausting her administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

It is undisputed that Murphy did not exhaust her administrative procedures prior to filing her suit. As Murphy admittedly failed to exhaust her available administrative remedies, the district court did not err in dismissing the complaint. *Booth,* 121 S.Ct. at 1825.

Further, the district court did not abuse its discretion in denying Murphy's Rule 60(b) motion. An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error in judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.* In her motion, Murphy stated that she was entitled to a hearing, that her claims have merit, and that she has exhausted her administrative procedures. Murphy stated that she was withdrawing her notice of appeal to this court regarding the underlying judgment. However, as the district court noted, because Murphy had not withdrawn her notice of appeal and was pursing her appeal before this court, the district court no longer had jurisdiction over the case. *See Securities & Exchange Comm. v. Johnston,* 143 F.3d 260, 263 (6th Cir.1998). Thus, the district court did not abuse its discretion in denying Murphy Rule 60(b) relief.

Accordingly, we affirm the district court's judgment dismissing Murphy's underlying action, affirm the district court's order denying Murphy's Rule 60(b) motion, and deny the request for counsel. Rule 34(j)(2)(C), Rules of the Sixth Circuit.