**Robert Lee WOOLSEY,**
**Plaintiff–Appellant,**

v.

**George NOE, Dr.; James Morgan, Warden; Sharon Caudill, Assistant Warden; Richard Kimbler, Dr.; Doug Sapp, Commissioner, Defendants–Appellees.**

No. 00–6194.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Robert Lee Woolsey appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Woolsey filed his complaint in the district court alleging that the defendant Kentucky prison officials and medical personnel denied him medical treatment for a variety of conditions. The district court dismissed the complaint sua sponte for failure to exhaust available administrative remedies and for failure to state a claim upon which relief can be granted. Plaintiff moved for relief from the judgment, for leave to amend his complaint, and submitted medical records to the court. The district court denied plaintiff's motion, and plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the medical matters addressed in his complaint are not a proper subject of available inmate grievance proceedings.

Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed June 14, 2000. It appears that at least some of plaintiff's claims are subject to the exhaustion requirement, and plaintiff must pur-

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

sue available administrative remedies before filing a civil rights action. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir. 1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Further, the court dismissed plaintiff's complaint because he cited nothing in his complaint that rises to the level of an Eighth Amendment violation; rather, plaintiff disputes only the adequacy of the medical treatment afforded him. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 4 (6th Cir.1976).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.