**Etroy Edward WILLIAMS,
Plaintiff–Appellant,**

v.

**Richard E. JOHNSON, in his individual and official capacity, Defendant–Appellee.**

No. 01–1138.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## ORDER

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

Etroy Edward Williams appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and declaratory relief, Williams sued a Michigan correctional official, alleging that he was improperly kept in administrative segregation, that his prison file contained false information, and that he was discriminated against because of his religion. The district court concluded that Williams had not administratively exhausted his claims and dismissed the case without prejudice. Williams has filed a timely appeal.

██ Upon review, we conclude that the district court properly dismissed Williams's claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

██ Williams did not exhaust his administrative remedies for any of his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Section 1997e(a) requires the prisoner to exhaust his administrative reme-

dies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). The prisoner can not "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

Williams failed to fully exhaust his administrative remedies. In his complaint, Williams asserted that he presented his claims for all levels of administrative review, and he provided copies of several grievances that he submitted to prison officials. However, he did not present evidence showing that he had fully exhausted any of these grievances by appealing them through Steps II and III of the Department of Corrections's administrative review process. Williams subsequently did present evidence reflecting that he had appealed one of these grievances through Step III, but he did not complete this process until after he had filed his complaint. Since § 1997e(a) requires Williams to exhaust his administrative remedies prior to filing suit, he can not exhaust these remedies after filing his complaint. *Freeman,* 196 F.3d at 645. Additionally, this grievance involved a

case manager's failure to timely submit certain paperwork on Williams's behalf and did not address any of the issues presented in this case. Williams also has submitted a hand-written copy of a Step III grievance which challenges his continued placement in administrative segregation. However, beyond his own conclusory assertions, no evidence actually exists that Williams submitted this grievance. Consequently, he did not properly exhaust his administrative remedies for this grievance or any of his other grievances.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.