Carson Lynn BROWN, Plaintiff–Appellant,

v.

Raymond G. TOOMBS, Warden; Peter W. Vidor, Named as Pete Vidor on complaint, Deputy Warden; Ray Palmer, ADW of Custody; T. Luna, Defendants–Appellees.

No. 97–1333.

United States Court of Appeals, Sixth Circuit.

Submitted March 20, 1998.

Decided March 27, 1998.

Carson Lynn Brown (briefed), Munising, MI, Plaintiff–Appellant pro se.

Linda M. Olivieri (briefed), Christine M. Campbell, Office of the Attorney General,

Corrections Division, Lansing, MI, for Defendants–Appellees.

Before: MARTIN, Chief Judge, and MERRITT and CLAY, Circuit Judges.

## OPINION

PER CURIAM.

In this pro se prisoner case from Michigan brought under 42 U.S.C. § 1983, the question is whether the prisoner has sufficiently alleged in his pleadings the exhaustion of administrative remedies requirement contained in the recently enacted Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). The new statute provides in clear language that "no action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute thus requires the exhaustion of all "available" state "administrative remedies" by the prisoner before a federal court may entertain and decide his § 1983 action. The prisoner here has sued on a number of grounds including placing him in "top-of-bed restraints," denial of medical treatment, food, water, and toilet facilities, denial of access to the courts, and interference with legal mail. The Prison Litigation Reform Act of 1995 was in effect when the prisoner filed his complaint, although neither the prisoner, nor the state as defendant, nor the magistrate judge or the district judge took notice of its existence or acknowledged that the statute must now be enforced in prisoner litigation.

Forty-two U.S.C. § 1997e provides in part:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(b) Failure of State to adopt or adhere to administrative grievance procedure

The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title.

(c) Dismissal

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

Prior to the enactment of the statute, no significant incentives existed to deter the filing of state prison petitions raising insubstantial issues, and so in federal courts each year prisoners file thousands of petitions and take thousands of appeals.

The new statute has extensive benefits. It recognizes that it is difficult to explain why we require full exhaustion of state remedies in habeas corpus cases involving life and liberty, but allow direct access in prison rights cases under § 1983. As Justice Stewart stated in *Preiser v. Rodriguez,* 411 U.S. 475, 491–92, 93 S.Ct. 1827, 1837, 36 L.Ed.2d 439 (1973):

Since these internal problems of state prisons involve issues so peculiarly within state authority and expertise, the states have an important interest in not being bypassed in the correction of those problems. Moreover, because most potential litigation involving state prisoners arises on a day to day basis, it is most efficient and properly handled by the state administrative bodies and the state courts, which are, for the most part, familiar with the grievances of state prisoners and in a better physical and practical position to deal with those grievances.

In light of the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, this court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint. Exhaustion applies only to cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *See White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997).

District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. The statutory language, "no action shall be brought" until all available remedies are "exhausted," should be interpreted to mean precisely what is obviously intended - that a federal court should not prematurely "decide" the merits of any such action. Federal courts should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2). *See also* FED.R.CIV.P. 8(a) ("plain statement of federal court's jurisdiction" required and a "showing that the pleader is entitled to relief") and FED.R.CIV.P. 9(c) (requiring special pleading of "conditions precedent").

Because in the present case there is no indication that the requirements of the statute have been complied with, the case should be dismissed without prejudice, and the activity that the new statute contemplates should now occur—state adjudication of the claims.

Neither will this court process or decide the merits of any case on appeal that does not comply with the statute. Unless the record demonstrates that the requirements of the statute have been satisfied, the appeal should be dismissed without prejudice for failing to satisfy the exhaustion of available state remedies requirement.

Accordingly, the judgment of the district court is vacated and the case is remanded to the district court with instructions to dismiss the case without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).