**James BLACK, Plaintiff–Appellant,**

v.

**Jeff TARVER; Kenneth Davis, Defendants–Appellees.**

No. 00–6157.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

### ORDER

This is an appeal from a judgment dismissing a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 without prejudice. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Tennessee inmate James Black filed a civil rights complaint under § 1983 against two corrections officers in which Black sought monetary damages and other relief. The district court sua sponte dismissed the complaint without prejudice for Black's failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a) and this appeal followed.

The district court dismissed the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) after concluding that Black had failed to exhaust his available Tennessee prison administrative remedies. This decision is reviewed de novo. *See, e.g., Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001).

Black's complaint centers around the two defendants' alleged failure to protect Black from, and their alleged inappropriate response to, an assault upon Black by another inmate. Black contended that the actions (and inactions) of the defendants deprived him of his Eighth Amendment right not to be subjected to cruel and inhuman punishment. Black appended documents to his complaint showing his unsuccessful journey through the prison grievance process. It is apparent from the documents that Black's grievance was never considered on its merits, however, as his attempt to grieve multiple events violated the administrative rule of one event per grievance.

The district court examined the complaint and, before requiring a response, concluded that Black's complaint should be dismissed without prejudice for his failure to exhaust administrative remedies. The court found that Black's failure to adhere to the administrative rules of procedure effectively negated his claim that he had fully exhausted his available dispute resolution process.

State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The exhaustion requirement of § 1997e applies to Eighth Amendment

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

claims even if money damages are not available through the administrative process, *see Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown*, 139 F.3d at 1104. Otherwise, the district court is required to dismiss the complaint without prejudice. *Id.* In the case at bar, Black patently failed to follow established grievance procedures and did not correct his mistake after it was called to his attention. To permit Black now to pursue his federal action would be tantamount to writing § 1997e(a) out of existence. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.