**Anthony B. BUTLER, Plaintiff–Appellant,**

**v.**

**Brian GARDNER; Corrections Corporation of America, Defendants–Appellees.**

**No. 00–4524.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

---

### ORDER

Anthony B. Butler appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Butler sued prison official Brian Gardner and the Corrections Corporation of America alleging that he was injured when he slipped and fell in a puddle of water. Butler further alleged that he did not receive adequate medical treatment for his back injury. The district court dismissed the complaint for Butler's failure to exhaust his available administrative remedies.

In his timely appeal, Butler argues that the district court should have retrieved the record in his 1999 suit to show that he exhausted his available administrative remedies. Butler states that the first case had all his medical slips, grievance forms, and request slips.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). ▮ The district court properly dismissed Butler's complaint. Prisoners deciding to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner bears the burden of establishing the exhaustion of administrative remedies. *See Brown*, 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he filed. *Id.* When a prisoner has filed a civil rights complaint without exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown*, 139 F.3d at 1104.

Although Butler refers to his medical requests for treatment, his complaint fails to set forth any allegations that Butler submitted his complaints to the prison's formal grievance process and that any grievances were appealed to the highest authority. As Butler has failed to establish that he has exhausted his available administrative remedies, the district court properly dismissed the complaint for failure to comply with § 1997e. *Booth*, 121 S.Ct. at 1825; *Brown*, 139 F.3d at 1104.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.