Ervin TRIPLETT, Plaintiff–Appellant,

v.

Reginald WILKINSON, et al., Defendants–Appellees.

No. 00–3914.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

Ervin Triplett, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 2000bb–1. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Triplett sued the Ohio Department of Rehabilitation and Correction and multiple prison officials contending that he was subjected to religious and racial discrimination based on his status as a black Muslim practicing the Islamic faith. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for Triplett's failure to exhaust his available administrative remedies.

In his timely appeal, Triplett contends that he did exhaust his available administrative remedies, that the exhaustion requirement of 42 U.S.C. § 1997e(a) is unconstitutional, that 18 U.S.C. § 3626(g)(2) is unconstitutional, and that the dismissal of five of the defendants was erroneous.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Initially, it is noted that Triplett's constitutional challenges to § 1997e(a) and § 3626(g)(2) are not properly before the court as these issues were not raised in the district court. Triplett

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

has cited to one of his pleadings which he asserts challenges the constitutionality of § 1997e(a). However, the argument contained in the document does not challenge the constitutionality of the statute. As Triplett did not challenge the constitutionality of either § 1997e(a) or § 3626(g)(2) in the district court, the issues are not properly before the court. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993).

■■■ The district court properly dismissed Triplett's complaint for failure to exhaust available administrative remedies. As the magistrate judge's report establishes, Triplett did not allege that he exhausted his administrative remedies in his complaint. Further, faced with a motion to dismiss for failure to exhaust, Triplett submitted copies of grievances that were filed just prior to or after the filing of his complaint. Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he filed. *Id.* When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, dismissal is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

■■■ It is undisputed that Triplett did not exhaust his administrative procedures prior to filing his suit. When the prison has an administrative process that will review a complaint, the prisoner must exhaust the process. *Booth,* 121 S.Ct. at

1825. As Triplett failed to exhaust his available administrative remedies, the district court did not err in dismissing the complaint.

Finally, Triplett challenges the dismissal of five of the defendants from the case. The dismissal is moot because Triplett did not exhaust his available administrative remedies.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.