Dwayne HARRIS, Plaintiff–Appellant,

v.

Warden BIRKETT, et al., Defendants–Appellees.

No. 01–1275.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before RYAN and COLE, Circuit Judges; WILLIAMS, District Judge.*

Dwayne Harris, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pur-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

suant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Harris sued multiple prison authorities asserting retaliation for filing grievances. The district court dismissed the complaint for Harris's failure to exhaust his available administrative remedies.

In his timely appeal, Harris admits that he had not exhausted his available administrative remedies as to all his claims prior to filing his complaint. However, Harris contends that the district court should have stayed the proceedings ninety days in the interest of justice to allow him to exhaust the administrative process.

The district court's order is reviewed de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

▪ The district court properly dismissed Harris's complaint as Harris failed to exhaust his available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1824–25, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the plaintiff must establish that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

It is undisputed that Harris did not exhaust his available administrative procedures prior to filing his suit. As Harris admittedly failed to exhaust his administrative remedies, the district court did not err in dismissing the complaint. *Booth,* 121 S.Ct. at 1824–25, 121 S.Ct. 1819.

Harris contends that § 1997e provides that an action may be stayed ninety days to allow a prisoner to exhaust his administrative remedies. The statute does not provide such relief. *Freeman,* 196 F.3d at 645.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.