**Mark ROBERTS, Plaintiff–Appellant,**

**v.**

**Ray TAMINGA, et al., Defendants–Appellees.**

No. 00–1643.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

Mark Roberts, a former Michigan state prisoner, moves for the appointment of counsel and assessment of costs and appeals a district court judgment dismissing his civil rights complaint, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Seeking monetary and injunctive relief, Roberts filed a complaint against numerous prison officials, alleging the following claims: 1) his prison account was being illegally garnished; 2) he was denied necessities from the prison store; 3) he was denied the ability to send out mail; 4) he was denied adequate medical care, including orthopedic shoes, braces, forearm crutches, eyeglasses, a back brace, and a TENS unit; 5) a nurse "jokingly" told him that he was injecting him with the live AIDS virus; and 6) he was denied religious services. The district court dismissed the complaints regarding garnishment, store purchases, and the nurse's "joke" for failure to state a claim, and dismissed the claims of denial of mail, medical care, and religious services for failure to exhaust administrative remedies. The court allowed Roberts six months to reopen the case as to these three claims, with proof of exhaustion of remedies.

Six months later, Roberts filed a motion to reopen, alleging that he now had proof of exhaustion which he would forward to the court. On August 24, 1999, the district court granted the motion to reopen, and directed Roberts to file an amended complaint with attached grievances to show that administrative remedies had been exhausted. However, the original complaint was then served on all of the original defendants, who filed a motion for summary judgment on the merits. Attachments to their motion included grievances showing that Roberts had exhausted his claim regarding the denial of orthopedic shoes. Roberts, on the other hand, did not file an amended complaint, or any proof of exhaustion. The magistrate judge reminded Roberts that his amended complaint was overdue, but he still did not file it. The magistrate judge then recommended that the action be dismissed for failure to demonstrate exhaustion of administrative remedies.

Roberts filed objections to the magistrate judge's report, in which he alleged that he had been attempting to file an amended complaint but had been thwarted by prison officials. He argued that he could not obtain a proper envelope for his complaint, so he sent it to a third party for forwarding. However, the third party was unable to help him and returned the complaint to him. Then, prison officials refused to allow Roberts to have the returned complaint. In support of his argument, Roberts attached documents showing that he had been denied a 22 pound box containing loose papers and used books. Clearly, this was not the amended complaint on three issues with attached grievances that Roberts had been directed to file. In spite of being able to mail his objections to the court, Roberts still did not file the required amended complaint. On May 4, 2000, the district court dismissed the action with prejudice, granting defendants' motion for summary judgment.

The brief filed by Roberts on appeal only mentions specifically the issue of denial of orthopedic shoes. He has attached numerous documents to the brief, including some grievances on this issue. In his reply brief, he raises the argument that the district court refused to file an amended complaint after the case had been finally dismissed. It appears that Roberts has been released from incarceration during the pendency of the appeal.

■ The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action may be brought by a prisoner until he has exhausted administrative remedies. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). A prisoner should demonstrate the exhaustion of administrative remedies by attaching his grievances to the complaint. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.

1998). Because Roberts failed to demonstrate the exhaustion of remedies on his claims, in spite of more than ample opportunity to do so, the district court's dismissal of his complaint was proper. Roberts was allowed six months to move to reopen his case, with proof of exhaustion. Although he alleged in his motion that he had such proof, he failed to file it with the court for over another eight months. Although the district court did not cite to Fed.R.Civ.P. 41(b) in its judgment, dismissal for failure to prosecute also would not have been an abuse of discretion under these facts. *See Coleman v. American Red Cross,* 23 F.3d 1091, 1094 (6th Cir. 1994).

■ Finally, even if the district court had relied on the documentation submitted by defendants which showed that Roberts had exhausted his remedies with regard to one of his many claims of denial of medical care, defendants were entitled to summary judgment on that claim. The record shows that the prison physician did not find that Roberts required shoes with braces. Although he could use shoes with lifts, such shoes were available through regular prison channels and did not need to be obtained from the source Roberts preferred. The apparent disagreement by Roberts with the doctor's diagnosis and treatment at most amounts to a claim of negligence, which is insufficient to state an Eighth Amendment claim. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir. 1996).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.