**Randy TERRILL, Plaintiff–Appellant,**

**v.**

**Marie BELCHER, Defendant,**

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

**Ann CURRIE; Susan Ann Debruyn; et al., Defendants–Appellees.**

No. 01–1077.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

*ORDER*

Randy Terrill, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Terrill sued multiple prison medical personnel contending that they violated his Eighth Amendment rights by showing a deliberate indifference to his serious medical needs. The case was referred to a magistrate judge who issued two separate reports. The magistrate judge first noted that Terrill had not exhausted his available administrative remedies as to all his claims. However, since monetary damages were not available through the administrative process, the magistrate judge concluded that the administrative process did not provide Terrill with a remedy. Therefore, Terrill did not need to exhaust his administrative remedies. The magistrate judge then addressed the merits of the complaint and concluded that the complaint should be dismissed. The district court adopted the magistrate judge's reports and dismissed the complaint.

In his timely appeal, Terrill argues that his medical records have been altered, that his medical records show that he was mistreated, and that the defendants committed perjury.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997(e)(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the plaintiff must allege that all available remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he filed. *Id.* When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196

F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

As the magistrate judge noted, Terrill did not exhaust his available administrative remedies as to all of his grievances. The fact that the administrative process would not provide Terrill monetary relief is of no consequence. *See Booth,* 532 U.S. 731, 121 S.Ct. at 1821. Since Terrill had not exhausted his available administrative remedies, the complaint had to be dismissed. *Id.,* 121 S.Ct. at 1825.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.