**Baron HENDERSON, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

No. 01–5424.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.[*]

*ORDER*

Baron Henderson, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Henderson sued the Corrections Corporation of America alleging that prison medical personnel showed a deliberate indifference to his serious medical needs. The district court dismissed the case under 42 U.S.C. § 1915(e) for failure to state a cause of action.

In his timely appeal, Henderson continues to argue that the negligence of the corporation's employees established a deliberate indifference to his serious medical needs.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we affirm the district court's order, but for reasons other than those stated by the district court. Henderson's complaint had to be dismissed for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown*, 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown*, 139 F.3d at 1104. Henderson did not allege that he exhausted his available administrative remedies prior to filing his suit, nor did he attach any documentation to the complaint indicating disposition of any grievance he may have filed regarding his medical treatment. As Henderson failed to establish that he exhausted his available administrative remedies prior to filing his civil rights complaint, the complaint had to be dis-

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

missed for not complying with § 1997e. *Booth,* 121 S.Ct. at 1825.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.