**Percy HUTTON, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al.,
Defendants–Appellees.**

No. 01–3667.

United States Court of Appeals,
Sixth Circuit.

April 29, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; LAWSON, District Judge.*

Percy Hutton, a death row Ohio prisoner proceeding pro se, moves for miscellaneous relief on appeal from a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 6, 1999, Hutton filed his civil rights complaint against Reginald Wilkinson (Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Chief Inspector and Assistant Chief Inspector and numerous former and present employees of the Mansfield Correctional Institution. In the complaint, Hutton alleges that an inspection of all death row cells was conducted at the Mansfield Correctional Institution on October 1, 1996. Hutton further asserts that during this inspection, defendant Correctional Officer Windom and an unknown correctional officer placed some of Hutton's personal property into a trash bag and removed it from Hutton's cell in violation of Hutton's First, Eighth and Fourteenth Amendments, Ohio Revised Code §§ 2921.44 and

2921.45, and Ohio Administrative Code §§ 5120–9–31 and 5120–9–55. In addition, Hutton contends that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Hutton sought declaratory, injunctive, and monetary relief.

By Memorandum of Opinion and Order filed October 27, 1999, the district court dismissed all claims asserted in the complaint with the exception of Hutton's Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Sturgell, Aziz, Cain and Jackson and Hutton's First Amendment retaliation claim against defendants Windom, Dunn, Jr., Dunn, Sr., Sturgell and Hall. The dismissal was pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

By Memorandum Opinion and Order filed April 26, 2001, the district court granted summary judgment to the defendants on Hutton's remaining claims. Reconsideration was denied in a marginal entry order on May 29, 2001. This timely appeal followed.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), and for the reasons articulated in the district court's opinion and order entered on October 27, 1999, we affirm the judgment dismissing Hutton's personal property claims under the Eighth and Fourteenth Amendments, Ohio Administrative Code §§ 5120–9–31 and 5120–9–55, and Ohio Rev.Code Ann. §§ 2921.44 and 2921.45; Hutton's personal property claim under the First Amendment asserted against defendants Wilkinson, Jorgenen–Martinez, Brown, Rowe, Anderson, Coyle, Riddle, Lewkowski, and Visintine; and Hutton's medical claims under the Eighth Amendment asserted against defendants

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Wilkinson, Jorgenen–Martinez, Brown, Sayers, Anderson, Coyle, Mitchell, Hall, Riddle, Dunn, Sr., Harris, Visintine, Rowe, Windom, Dunn, Jr., and Lewkowski.

 Upon further review, we conclude that summary judgment for the remaining defendants was proper as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943 (6th Cir.1990). Hutton did not meet his burden of demonstrating that he had exhausted his administrative remedies as to his First Amendment retaliation claim based on the December 17, 1998, cell inspection. *See* 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Hutton's attempt on appeal to offer evidence purporting to demonstrate that he exhausted his administrative remedies with regard to this claim is not proper. This evidence was not before the district court and is not part of the record reviewable by this court. *See* Fed. R.App. P. 10(a). In any event, the defendants point to an absence in the record of evidence demonstrating a retaliatory motive relating to Hutton's appeal of the grievance regarding the December 17, 1998, cell inspection. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). As Hutton has not responded by setting forth specific facts showing that there is a genuine issue for trial as required by Rule 56, summary judgment is appropriate.

As to Hutton's Eighth Amendment claim, the defendants point to evidence showing that Hutton only appealed grievances relating to his medical complaints involving the denial of a chair for his cell. Therefore, all other alleged Eighth Amendment violations have not been exhausted and were properly dismissed. *See* 42 U.S.C. § 1997e(a); *Brown,* 139 F.3d at 1104.

Hutton's assertion that he was continually refused a chair for his cell to alleviate his back pain is without merit. Hutton's difference of opinion with the doctor over the adequacy of his treatment does not constitute a claim of deliberate indifference. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Finally, each of the district court's responses to Hutton's motions to compel discovery was appropriate and well within its discretion. *See Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir.1993).

Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.