**Godfrey CADOGAN, Plaintiff–
Appellant,**

v.

**Fabian LAVIGNE, et al., Defendants–
Appellees.**

**No. 01–2671.**

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

Godfrey Cadogan appeals a district court judgment that dismissed without prejudice his civil complaint filed, inter alia, pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cadogan filed his complaint in the district court alleging that the defendant prison officials confiscated legal mail addressed to him after they concluded that a postal money order made payable to plaintiff was contraband. The magistrate judge construed plaintiff's complaint as a civil rights action filed under 42 U.S.C. § 1983, and issued an order directing plaintiff to show cause why the complaint should not be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). After plaintiff responded to the show cause order, the district court dismissed the complaint without prejudice for failure to exhaust administrative remedies. Plaintiff filed a timely notice of appeal. On appeal, plaintiff has submitted a brief in which he addresses only his claims for habeas corpus relief asserted in a separate unrelated appeal no longer before this court.

Upon consideration, the judgment will be affirmed because plaintiff has waived his claims on appeal. Generally, this court reviews de novo a district court dismissal for failure to exhaust administrative remedies. *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997). Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Booth v. Churner,* 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). A prisoner has the burden of demonstrating exhaustion of these remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion of administrative remedies prior to filing suit, a prisoner should attach any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. Here, plaintiff has waived any claim that the district court improperly dismissed his complaint because he has not addressed any such claim on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Nonetheless, it is noted that the district

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

court properly dismissed plaintiff's complaint in this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.