**Roy TAYLOR, Plaintiff–Appellant,**

v.

**Craig WILLIAMS; CPL. Ward; CPL. Mullins; Officers Newberry, Bunch; Counselor Graves; Edna Jones, Defendants–Appellees.**

No. 02–5395.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

*ORDER*

Roy Taylor, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Taylor sued multiple prison officials concerning an alleged assault by prison guards which occurred on November 14, 2000. Although the alleged assault occurred on November 14, 2000, Taylor mailed his complaint just thirteen days later on November 27, 2000. The district court dismissed the complaint without prejudice as Taylor had failed to exhaust his available administrative remedies prior to filing his suit.

In his timely appeal, Taylor states that he exhausted his available administrative remedies before the district court issued its dismissal order. Therefore, the district court's exhaustion ruling is moot. He has also moved for costs and attorney's fees for this appeal.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Taylor's complaint for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown*, 139 F.3d at 1104. To establish exhaustion, the prisoner must establish that all available administrative remedies have been exhausted and he

---

\* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. It is undisputed that Taylor did not exhaust his available administrative remedies prior to filing his suit. As Taylor failed to exhaust his administrative remedies before filing his complaint, the complaint had to be dismissed. *Freeman,* 196 F.3d at 645.

Accordingly, we affirm the district court's order and deny Taylor's request for costs and attorney's fees. Rule 34(j)(2)(C), Rules of the Sixth Circuit.