**David Lee JAMERSON, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 03–1141.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

*ORDER*

David Lee Jamerson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Jamerson sued the Michigan Department of Corrections and multiple prison officials concerning eye injuries he allegedly sustained in 1996. The district court dismissed the case without prejudice as Jamerson failed to exhaust his available administrative remedies prior to filing his suit with regards to the allegations contained in his complaint.

In his timely appeal, Jamerson states that his injuries occurred before it became mandatory for prisoners to exhaust their administrative remedies. Jamerson also argues the merits of his complaint.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Jamerson's complaint for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown*, 139 F.3d at 1104. To establish exhaustion, the prisoner must es-

tablish that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. It is undisputed that Jamerson did not exhaust his available administrative remedies at all levels of the grievance process prior to filing his suit. As Jamerson failed to exhaust his administrative remedies before filing his complaint, the complaint had to be dismissed. *Freeman,* 196 F.3d at 645.

As for Jamerson's remaining arguments concerning the merits of his complaint, because Jamerson has not exhausted his administrative remedies at every available level, it would be inappropriate to address the merits of Jamerson's complaint. To discuss Jamerson's remaining arguments would render the exhaustion process a nullity.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.