**Vernon Ray Duke JARVIS, Plaintiff–Appellant,**

v.

**Charles MARCUM, Jailer; John Doe, Maintenance Supervisor; Caroline Mudd, Warden of Marion Adjustment Center, Defendants–Appellees.**

No. 03–5331.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2003.

Vernon Ray Duke Jarvis, Manchester, KY, pro se.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

Vernon Ray Duke Jarvis, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, Jarvis was initially incarcerated at the Clay County Detention Center (CCDC), transferred to the Marion Adjustment Center (MAC), and then eventually transferred to the Lee Adjustment Center. Jarvis alleged that, while at the CCDC, he was kept in a cell that did not have a cover on the drain. He stated that he injured his back one day when he tripped over the uncovered drain. He was taken to the hospital the following day. Jarvis subsequently transferred to the MAC. He stated that his constitutional rights were violated by the MAC staff because: a) he "was wrote up from my back hurting and they took my cane"; b) he was forced to walk two miles to eat meals, without his cane; c) he was told that there was nothing wrong with his back, despite contradictory X-rays; and d) he was denied a bottom bunk.

Seeking monetary relief, Jarvis sued the Jailer (Marcum) at the CCDC, the Maintenance Supervisor (John Doe) at CCDC, and the Warden (Mudd) at the MAC. The defendants were each sued in their official capacities only. He essentially claimed that the defendants were deliberately indifferent to his serious medical needs and that he was subjected to cruel and unusual punishment. Upon review, the district court dismissed Jarvis's complaint because Mudd is not subject to suit for monetary damages in her official capacity and because Jarvis did not allege a custom or policy with respect to his claims against the remaining defendants. Jarvis has filed a timely appeal, essentially reasserting his claims.

Initially, we note that Jarvis did not allege that he had exhausted his adminis-

trative remedies. Although a prisoner must first exhaust his available administrative remedies before filing a § 1983 action challenging prison conditions in federal court, *see* 42 U.S.C. § 1997e(a), in the event that a claim is, on its face, frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998).

■ Upon review, we conclude that the district court properly dismissed Jarvis's complaint because he failed to state a claim upon which relief could be granted. *See Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999). Jarvis failed to state a claim against Defendant Mudd because he specifically sued Mudd in her official capacity only. State officials are not subject to suit for monetary damages in their official capacities. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ Jarvis also failed to state a claim against defendants Marcum and Doe. To successfully plead an official capacity claim against a municipal employee or entity, a plaintiff must: 1) identify a municipal policy or custom; 2) connect that policy or custom to the municipality; and 3) show that execution of that policy or custom caused the particular injury. *See Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir.1993); *see also Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir. 2000). Here, Jarvis failed to specify how defendants Marcum and Doe violated his rights and he did not identify any municipal policy or custom that led to the alleged violation of his constitutional rights. Hence, the district court properly dis-

missed Jarvis's claims against Marcum and Doe.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.