**Michael John MODENA,**
**Plaintiff-Appellant,**

v.

**BUREAU OF PRISONS, et al.,**
**Defendants-Appellees.**

**Nos. 03-3349, 03-3400 and 03-3485.**

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2003.

Michael John Modena, Lisbon, OH, for Plaintiff-Appellant.

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

## ORDER

Michael John Modena, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Modena also appeals two subsequent district court orders regarding a fee-related matter and denying his motion for reconsideration of the judgment dismissing his *Bivens* complaint, respectively. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 23, 2002, Modena filed a complaint against the Federal Bureau of Prisons; Federal Correctional Institution—Elkton, Ohio ("FCI-Elkton") Warden Morrison; FCI-Elkton Unit Manager Mr. Carmen; and FCI-Elkton Counselor Ms. Smith. Modena alleged that on July 13, 2002, his parents came to visit him and were picked up after the visit by his twin brother. According to Modena, his twin brother took a picture of his parents while they were still on prison property, an activity that is prohibited by the prison. Modena alleged that when FCI-Elkton officers saw his twin brother take the picture, they chased his twin brother and confiscated the film. Modena alleged that on the following day, July 14, 2002, FCI-Elkton officials denied him visitation with his twin brother, citing the previous day's picture taking incident as the reason.

Modena alleged that the denial of visitation with his twin brother on July 14, 2002, violated his constitutional rights. Modena sought monetary relief only.

On February 14, 2003, the district court dismissed Modena's complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Modena filed a notice of appeal, which has been docketed in this court as case number 03–3349. However, because Modena did not pay the appellate filing fee, the district court issued an order on February 27, 2003, requiring Modena to either pay the full appellate filing fee or file an application to proceed in forma pauperis on appeal within thirty days. Modena filed a notice of appeal from the district court's February 27, 2003, order, which has been docketed in this court as case number 03–3400. Modena subsequently filed a motion for reconsideration of the district court's judgment dismissing his *Bivens* complaint, which the district court denied on March 21, 2003. Modena also filed a notice of appeal from the district court's March 21, 2003, order, which has been docketed in this court as case number 03–3485. All three cases have been consolidated.

In case number 03–3349, Modena appeals the district court's judgment dismissing his complaint for lack of exhaustion. We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Upon review, we conclude that the district court properly dismissed Modena's complaint without

prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. Modena failed to demonstrate that he had exhausted his administrative remedies as to the claims raised in his complaint prior to filing suit in federal court and specifically indicated in his complaint that he was in the process of pursuing his administrative remedies by "typing this BP–9 to work [his] way up to Region." Thus, Modena's complaint was subject to dismissal for failure to exhaust administrative remedies.

In case number 03–3400, Modena appeals the district court's fee-related order following his notice of appeal from the judgment of dismissal. A prisoner may not have his fees and costs waived, but is responsible for either paying the full filing fee or paying the fee in installments. 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court's fee-related order was appropriate because Modena had filed a notice of appeal from the district court's judgment dismissing his complaint. *See* 28 U.S.C. § 1915(a)(2) and (b)(1); *McGore,* 114 F.3d at 604.

In case number 03–3485, Modena appeals the district court's order denying his motion for reconsideration. We review the district court's denial of a Fed.R.Civ.P. 59(e) motion for an abuse of discretion. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 832 (6th Cir.1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). Upon review, we conclude that the district court properly denied Modena's motion for reconsideration. Modena failed to exhaust his administrative remedies prior to filing his complaint and his motion for reconsideration failed to demonstrate a clear error

of law or newly discovered evidence which would justify reconsideration of the dismissal of his complaint on exhaustion grounds. *See Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d at 374.

Accordingly, the district court's February 14, 2003, judgment and February 27, 2003, and March 21, 2003, orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.