**James MOSES, Plaintiff–Appellant,**

v.

**Robert COBLE, M.D.; Mitsy Davidson, Nurse; Pam Graddy, Nurse; Janet Casteel, Nurse, Defendants–Appellees.**

**No. 01–5637.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

### ORDER

This is an appeal from a judgment dismissing a prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Tennessee inmate James Moses filed a civil rights complaint against a doctor and three nurses working at the South Central Correctional Center in Clifton, Tennessee. The district court sua sponte ordered the complaint dismissed as frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and this appeal followed.

This court reviews a district court's decision to dismiss a complaint as frivolous under 28 U.S.C. § 1915(e)(2) de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or fact, *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and a sua sponte dismissal of a complaint is appropriate where the complaint is frivolous on its face. *McGore*, 114 F.3d at 609. A de novo examination of the record and law supports the district court judgment on appeal.

Moses filed a complaint in which he accused a doctor and three nurses in the employ of the Tennessee Department of Corrections of violating Moses's Eighth Amendment right to adequate medical care. Moses specifically alleges that he suffered pain for his "serious back problems" because the defendant doctor and nurses denied him "adequate pain medication," although he plainly notes that the defendants have been giving Moses ("forcing me to take") over-the-counter pain medication. Moses claims without documentation that his prison grievances have been ineffective and he seeks hundreds of thousands of dollars from the defendants in their individual capacities. The district court accepted the complaint for filing and, without requiring a response, concluded that Moses could not make out an Eighth Amendment claim as presented.

■ The district court's decision is supported in law. It is initially noted that, although Moses represented that he unsuccessfully exhausted his prison grievance mechanism, he did not supply any supporting documentation. Normally a prisoner must first exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing a § 1983 action challenging prison conditions in federal court. In the event that a claim is frivolous or fails to state a claim upon which relief can be granted, however, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). The district court did not err by proceeding to the merits in this case as it is clearly frivolous.

■ It is incumbent upon a prisoner seeking to establish a violation of his Eighth Amendment rights resulting from his medical care to show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir.1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief, *Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285, and a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107, 97 S.Ct. 285. A cursory reading of Moses's complaint reflects that he is dissatisfied with the defendants' decision to respond to his back pain with over-the-counter medications. This dissatisfaction does not implicate Eighth Amendment concerns. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.