**Edison PALMER, Plaintiff–Appellant,**

v.

**Dan LANE and Randy Plonka, Defendants–Appellees.**

**No. 01–1272.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

Edison Palmer appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Palmer filed his complaint in the district court alleging that he is diabetic and was given inadequate medical treatment during his incarceration in the St. Clair County

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Jail. Specifically, plaintiff alleged that he suffers from diabetes, that he developed sores on his feet, and that his lower right leg ultimately was amputated due to poor circulation. Plaintiff named as defendants the St. Clair County Sheriff and the jail physician in unspecified capacities and sought $100,000,000 and his release from prison.

Defendants moved the court for summary judgment, plaintiff responded in opposition, and defendants replied. Following a telephonic hearing, the magistrate judge recommended that summary judgment for defendants be granted. Plaintiff filed objections, and defendants submitted replies. The district court adopted the magistrate judge's recommendation and entered judgment for defendants. Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that his medical malpractice claim is cognizable under § 1983.

 Upon do novo review, *see Brooks v. American Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991), we affirm the district court's judgment because plaintiff did not establish a claim cognizable under § 1983 essentially for the reasons stated by the district court. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Despite an apparent lack of exhaustion of administrative remedies, the district court's judgment can be affirmed insofar as plaintiff has failed to establish a claim upon which relief can be granted under § 1983. *See Brown,* 139 F.3d at 1104. With respect to the defendant sheriff, plaintiff alleged no personal involvement required to state a claim upon which relief can be granted under § 1983 against supervisory personnel. *See Hicks*

*v. Frey,* 992 F.2d 1450, 1455 (6th Cir.1993). Even had plaintiff alleged personal involvement, plaintiff's claims do not rise to the level of a constitutional deprivation because he cannot show that jail personnel failed to take reasonable steps to abate a known and substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 835–47, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Even though plaintiff clearly suffered from a serious medical condition with unfortunate consequences, plaintiff's claims against the defendant physician do not rise to the level of a constitutional violation because they amount only to a difference of opinion with respect to the treatment he received. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.