**Edward NORFLEET, Plaintiff–Appellant,**

**v.**

**Jim ROUT, Mayor, et al., Defendants,**

Mark Luttrell; Gary Solieau; Charlie E. Allen, D.D.S., Defendants–Appellees.

No. 01–5843.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

### ORDER

Edward Norfleet, a pro se Tennessee state prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Norfleet sued the Shelby County (Tennessee) Mayor (Jim Rout), the Director of the Shelby County Correction Center (Mark Luttrell), the Assistant Director of the Shelby County Correction Center (William Montague), Medical Services Director (Gary Solieau), a dentist (Dr. Charlie Allen), the Governor of Tennessee (Don Sundquist), and the Commissioner of the Tennessee Department of Corrections (Donal Campbell) in their official and individual capacities. Norfleet claimed that defendants Allen and Solieau refused to provide him proper dental care or dentures in violation of his rights under the Eighth Amendment.

The district court sua sponte dismissed Norfleet's claims against defendants Rout, Montague, Sundquist, and Campbell as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The claims against the remaining defendants were transferred to a magistrate judge with the consent of the parties. Thereafter, the magistrate judge granted summary judgment in favor of the defendants. Norfleet appeals that judgment essentially reasserting the claims that he set forth in the district court. Norfleet moves for the appointment of counsel and for a preliminary injunction.

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993).

The defendants met their initial burden of establishing an absence of evidence to support Norfleet's case. A viable Eighth Amendment claim has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The objective component requires that the injury be serious, *Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The defendant dentist presented evidence that he was not deliberately indifferent to Norfleet's dental condition. Dr. Allen averred that he provided Norfleet with dental care on numerous occasions, he prescribed a special diet, and he found Norfleet to be in good health.

In light of the foregoing, Norfleet was required yet failed to present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248–49. Norfleet merely contends that he cannot eat the same food that the other inmates eat and that he sometimes suffers from constipation.

We also note that the court could have dismissed this case because the complaint did not clearly show that Norfleet had exhausted his administrative remedies, as prescribed by 42 U.S.C. § 1997e(a). See *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). However, the court may dismiss a case without enforcing the administrative exhaustion requirement, if it does not raise a claim upon which relief can be granted. *Id.* at 1103.

Accordingly, we hereby deny Norfleet's motions to have counsel appointed to represent him and for a preliminary injunction, and we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of June 5, 2001.