**Jeffrey KNAPP, Plaintiff–Appellant,**

**Mary Knapp, Plaintiff,**

v.

**William MARTIN, et al., Defendants–Appellees.**

No. 01–1111.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

*ORDER*

Jeffrey Knapp, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Knapp sued multiple prison officials contending that he had been raped by his cell mate. Knapp alleged that he was improperly placed in a cell with an individual that the defendants knew or should have known was a homosexual predator. After an investigation, it was determined that the sexual acts were consensual and initiated by Knapp. Knapp was found guilty of sexual misconduct following an administrative hearing. Knapp alleged that the administrative hearing and his attempted transfer to another prison violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to the defendants.

In his timely appeal, Knapp argues that the district court erred by improperly deciding factual issues which should have been determined by a jury.

We review an order granting summary judgment de novo. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 79 (6th Cir.1995.)

Knapp's allegations, except his challenge to the disciplinary hearing, must be dismissed for failure to exhaust available administrative remedies. Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaus-

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

**590**

tion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *See Freeman v.. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. Except for his challenge to the results of the prison disciplinary hearing, Knapp did not exhaust his available administrative remedies as to his remaining claims. As Knapp exhausted his administrative remedies only as to the disciplinary hearing, the remaining issues must be dismissed. *Brown,* 139 F.3d at 1104.

As for Knapp's disciplinary hearing, Knapp challenges the disciplinary hearing, procedure, and subsequent decision. A favorable decision as to this issue would bring into question the conclusions reached by the administrative hearing officer. As a decision addressing the merits of the prison disciplinary process could create doubt as to the validity of the decision, Knapp's claims are not cognizable under § 1983. A prisoner cannot recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid until the conviction or sentence is reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court has extended *Heck* in holding that a claim is not cognizable under § 1983 where a judgment in a plaintiff's favor would necessarily imply the invalidity of a prison disciplinary conviction and resulting

sanction. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The determination of the hearing officer has not been overturned in this case. Thus, Knapp has not stated a claim under § 1983 on this issue.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.