**James Ellis LANG, Plaintiff–Appellant,**

**v.**

**Tom CAMPBELL; Doug Sapp; William Whitney; Carol Tyree Williams; Richard Kimbler, Dr.; Vicki Von Bokern; Steve Haney; Bill Briscoe; Gwen Holloman; Deborah Norris, Defendants–Appellees.**

**No. 01–5641.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

## ORDER

James Ellis Lang, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable and monetary relief, Lang sued various employees of the Kentucky Department of Corrections and the Blackburn Correctional Complex, where he is currently incarcerated, in their official and individual capacities. The factual allegations are adequately set forth in the district court's memorandum opinion and order filed May 9, 2001, and will not be repeated herein. Suffice it to say that Lang primarily alleged: 1) that the defendants violated his Eighth Amendment rights by denying and delaying treatment for his Hepatitis Type C and dental problems; 2) that the defendants violated his First Amendment right of access to the courts; and 3) that the defendants violated state tort law by purportedly being negligent in their duties to provide him the proper standard of care. The district court dismissed the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a) because Lang had not exhausted his administrative remedies. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed Lang's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139

F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Lang must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir. 1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner can not abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Lang has not met his burden of demonstrating that he exhausted all of his available administrative remedies regarding his claims against the defendants for the reasons stated by the district court in its memorandum opinion and order filed May 9, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.