**Curtis FULLER, Plaintiff–Appellant,**

v.

**Joe CALVIN, et al., Defendants–Appellees.**

**No. 01–1814.**

United States Court of Appeals, Sixth Circuit.

Jan. 4, 2002.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.[*]

### ORDER

Curtis Fuller, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Seeking monetary relief, Fuller sued numerous prison officials in their individual and official capacities. Fuller essentially claimed that: 1) the defendants violated his Eighth Amendment rights when several prison officials attacked him in his cell and then delayed providing him with medical attention; and 2) the defendants violated his procedural due process rights when they improperly punished him and transferred him to another facility after he was found guilty of an allegedly false misconduct ticket following a defective misconduct hearing. Upon review, a magistrate judge filed a report recommending that the district court dismiss the complaint, in part because Fuller had not exhausted his administrative remedies, and in part because he did not state a due process claim. Over Fuller's objections, the district court adopted the magistrate's recommendation, dismissed Fuller's Eighth Amendment claims without prejudice, and dismissed his due process claim with prejudice.

Fuller has filed a timely appeal, arguing that the court improperly dismissed his complaint without permitting him to conduct discovery and without permitting him to amend his complaint to establish that he had exhausted his administrative remedies. Fuller also appears to request the appointment of counsel.

The district court properly dismissed Fuller's complaint, in part because he did not establish that he had exhausted his administrative remedies before filing his complaint. *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). Although money damages may not be available through the prison grievance process, Fuller must still exhaust these remedies because the prison has an administrative sys-

tem that will review his claims. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001). Although Fuller eventually submitted to the district court a proposed amended complaint in which he submitted copies of Step–I grievances that he had filed against some of the named defendants, he did not present any documents indicating that he had pursued any of these grievances beyond Step–I. Nor did he present documents indicating that he had filed a grievance against each of the named defendants for their alleged misconduct. Finally, we note that the district court dismissed Fuller's Eighth Amendment claim without prejudice. Therefore, Fuller has the option to refile his complaint and present documents reflecting that he has exhausted his administrative remedies.

The district court also properly dismissed Fuller's due process claim for failure to state a claim upon which relief may be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). We note that, despite Fuller's failure to establish that he had exhausted his administrative remedies, the district court was authorized to dismiss this claim for failure to state a claim upon which relief could be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103–04.

■ Fuller did not state a due process claim for all of the reasons stated by the magistrate judge and adopted by the district court. In particular, Fuller's allegations are all related to his misconduct conviction. However, Fuller may not pursue his due process claim because a ruling on his claim would necessarily imply the invalidity of his disciplinary conviction, and is thus not cognizable under 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Contrary to Fuller's argument on appeal, the district court has no discretion to allow a plaintiff the opportunity to amend his complaint prior to dismissal. *McGore*, 114 F.3d at 612. It also follows that, because the claim was subject to dismissal for failure to state a claim, the district court did not err in dismissing the complaint prior to discovery.

Finally, there are no exceptional circumstances warranting the appointment of counsel in this civil rights action. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir.1996); *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir.1993).

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.