**Joseph SMITH, Plaintiff–Appellant,**

v.

**SHELBY COUNTY; A.C. Gilless; Jim Rout, Defendants–Appellees.**

No. 01–59399.

United States Court of Appeals, Sixth Circuit.

April 2, 2002.

Before SILER and GILMAN, Circuit Judges; and HEYBURN, District Judge.*

### ORDER

Joseph Smith, a Tennessee prisoner currently incarcerated in the Shelby County Correctional Center ("SCCC") appeals a district court order and judgment dismiss-

---

\* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

ing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith sues Shelby County, Shelby County Sheriff A.C. Gilless, and Shelby County Mayor Jim Rout, alleging that he was denied medication for high blood pressure, headaches, and a heart condition while incarcerated at the Shelby County Jail. Smith alleges that he sent approximately seven complaints to the "countys [sic] administration office" and sent approximately five slips to the medical department. Smith alleges that he received no response, and he now seeks monetary relief. The district court dismissed the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a) because Smith had not exhausted his administrative remedies. This timely appeal followed.

■ The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown,* 139 F.3d at 1104. The exhaustion requirement applies even when the prisoner seeks monetary damages that may not be available through the grievance system, as long

as the prison system has an administrative process that will review a prisoner's complaint. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Knuckles El,* 215 F.3d at 642; *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999). Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt,* 193 F.3d at 879; *Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

■ Upon review, we conclude that the district court properly dismissed Smith's complaint for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Smith did not meet his burden of demonstrating that he had exhausted his administrative remedies as to the claims raised in his complaint prior to filing suit in federal court. *See Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. He has clearly not pleaded his claims with specificity showing that each claim has been exhausted by attaching a copy of the applicable administrative dispositions or describing with specificity both the proceeding and its outcome. *Knuckles El,* 215 F.3d at 642. Although the district court's order does not expressly so state, we note that the dismissal of Smith's complaint is without prejudice. *See Wyatt,* 193 F.3d at 879.

Finally, Smith offers exhibits in this court purporting to demonstrate that he exhausted his administrative remedies. However, these documents were not before the district court and are not part of the record reviewable by this court. *See*

Fed. R.App. P. 10(a). If Smith has exhausted his administrative remedies, he can indeed refile his complaint on the grounds stated therein.

Accordingly, the district court's order and judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.