James Eddie WADE, Jr.,
Plaintiff–Appellant,

v.

CITY OF JACKSON, Defendant–
Appellee.

No. 01–5589.

United States Court of Appeals,
Sixth Circuit.

June 10, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN, District Judge.*

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

James Eddie Wade, Jr., proceeding pro se, appeals a district court judgment dismissing his civil rights complaint construed to be filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Wade sued the City of Jackson, Tennessee. Essentially, Wade sued the defendant because he was in the custody of the Jackson City Jail, when he allegedly suffered an injury to his back. Wade alleged that members of the Jackson City Police Department escorted him to Jackson City Court in shackles in May 2000, and that the shackles caused him to fall onto a concrete floor and injure his back. He also alleged that he suffers from continuing medical problems and that he has been unable to obtain medical treatment. Wade is currently incarcerated in the Madison County Jail. Upon review, the district court concluded that Wade's Eighth Amendment claim was frivolous as he did not allege the existence of a custom or policy that would render the City of Jackson liable for the incident. Hence, the district court dismissed the complaint.

Wade has filed a timely appeal, essentially reasserting his claim. He also moves for the appointment of counsel.

Upon review, we conclude that the district court properly dismissed Wade's complaint. Initially, we note that Wade did not allege that he had exhausted his administrative remedies. Although a prison-

er must first exhaust his available administrative remedies before filing a § 1983 action challenging prison conditions in federal court, *see* 42 U.S.C. § 1997e(a), in the event that a claim is, on its face, frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998).

The district court properly concluded that Wade's claim is frivolous. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Wade's claim has no arguable basis in law because he sued the City of Jackson instead of suing the guards who were directly involved in the incident. Municipal entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir.1993). A city or other governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs the wrongdoer. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). Wade did not allege a direct causal link between a municipal policy or custom and the alleged violation of his constitutional rights.

Even if Wade's complaint is construed as alleging that the City of Jackson maintains a custom or policy permitting guards to improperly escort prisoners in shackles, the complaint is still properly subject to dismissal for failure to state a claim. The Eighth Amendment prohibits the incarceration of inmates under conditions posing a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, an inmate cannot state a cognizable Eighth Amendment claim based on conduct that amounts to mere negligence. *Id.* at 835. Here, Wade acknowledged that his fall was "purely an accident." In addition, Wade cannot state a claim for the denial of medical treatment because he acknowledged that he was taken to the hospital after falling, and that he was provided with anti-inflammatory and pain medication for treatment of his back. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). While Wade clearly challenges the sufficiency and adequacy of this treatment, a difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.