**Terry GLENN, Plaintiff–Appellant,**

v.

**Jay DUKES; James E. Westbrook; Lisa Reynolds; John Does 1–7; Jane Does 1–4, Defendants–Appellees.**

**No. 01–6062.**

United States Court of Appeals, Sixth Circuit.

June 10, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN, District Judge.*

Terry Glenn, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint pursuant to the provisions of 42 U.S.C. § 1997e(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Glenn filed a complaint against the following officials employed at the West Tennessee State Penitentiary, where Glenn is incarcerated: Warden Jay Dukes, Assistant Warden James Westbrook, and Disciplinary Chairperson Lisa Reynolds. Glenn also listed seven John Doe and four Jane Doe defendants. Glenn alleged that on May 1, 2000, five or six unidentified correctional officers assaulted him by spraying his face and body with chemical spray. Glenn alleged that he was then handcuffed, humiliated, and beaten until he lost consciousness. According to Glenn, when he regained consciousness, he found himself in an isolation cell, which had no mattress, blankets, or toilet paper. Glenn alleged that he suffered serious injuries as a result of the incident, but was not examined by a doctor. Instead, a nurse came to Glenn's

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

cell, gave him medication, and noted his injuries.

Glenn alleged that he was charged with assault as a result of the May 1, 2000, incident and that his due process rights were violated during the disciplinary proceedings. Glenn was convicted of the offense by a prison disciplinary board following his entry of a guilty plea to the charge.

Glenn also alleged that on May 23, 2000, an unidentified correctional officer intentionally injured his ankle when placing shackles on him in order to transport him to a medical appointment. Glenn alleged that when he informed the officer that he could not walk because of the ankle injury, the officer incorrectly informed a nurse that he refused medical treatment.

The district court dismissed Glenn's complaint for failure to exhaust available administrative remedies. Glenn appeals. He requests appointment of counsel.

We review de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specific-

ity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement applies even when the prisoner seeks monetary damages that may not be available through the grievance system, as long as the prison system has an administrative process that will review a prisoner's complaint. *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Knuckles El,* 215 F.3d at 642; *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999).

Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt,* 193 F.3d at 879; *Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Glenn's complaint for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Glenn failed to demonstrate that he had exhausted his administrative remedies as to each of the claims raised in his complaint against each of the defendants prior to filing suit in federal court. Although the district court's judgment does not expressly so state, we note that the dismissal of Glenn's complaint is without prejudice. *See Wyatt,* 193 F.3d at 879.

Glenn's remaining appellate arguments, in which he alleges that the district court is involved in a conspiracy to deny his civil rights and challenges the district court's dismissal of the Doe defendants, imposition of the full filing fee despite the dismissal of his complaint, and certification

that his appeal would not be taken in good faith, are without merit.

Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.