**Dale Wesley BELL, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner, Tennessee Department of Correction; Fred Raney; Ron Bloebaum, Defendants–Appellees.**

No. 02–5149.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

Dale Wesley Bell, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules

of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bell sued Tennessee Department of Corrections (TDOC) Commissioner Donal Campbell, Northwest Corrections Complex Warden Fred Raney, and Medical Director Ron Bloebaum. Bell alleged that the defendants violated his rights under the Eighth Amendment by denying him medical treatment for hepatitis C. The district court ordered Bell to submit additional information with respect to his request for in forma pauperis status, and dismissed the complaint for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e. Bell filed the requested information and moved the court to reconsider. He also attached copies of documents relating to his grievance and appeal. The district court granted Bell in forma pauperis status but entered a judgment dismissing the case without prejudice for failure to exhaust administrative remedies.

In his timely appeal, Bell requests the appointment of counsel and argues that the district court should have excused his failure to demonstrate exhaustion because the defendants delayed processing his grievance and he believed his hepatitis C would irreparably damage his liver.

This court reviews de novo a district court's interpretation of the Prison Litigation Reform Act (PLRA). McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Bell's complaint. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir.1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint. In the absence of written documentation, the prisoner should describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. Brown, 139 F.3d at 1104.

The district court properly held that Bell did not meet his burden of demonstrating that he exhausted his administrative remedies before filing suit. Bell alleged that he learned for the first time in May 2001 that he had hepatitis C, that the prison's health maintenance organization would not approve treatment, and that the prison knew as early as 1994 that he had hepatitis C but did not tell him. Bell wrote letters to defendants Bloebaum and Raney on July 11, 2001, and filed a grievance on July 18, 2001. The grievance was denied after a hearing on August 1, 2001. Bell appealed to Commissioner Campbell, and the grievance was returned to the grievance chairman for further investigation. Bell filed his federal complaint after being told his grievance might be delayed for months. According to documents submitted with Bell's motion for reconsideration, his administrative appeal was finally denied on November 14, 2001. He filed his district court complaint on October 25, 2001.

Bell did not comply with the PLRA by exhausting his administrative remedies be-

fore filing suit. *See* 42 U.S.C. § 1997e(a); *Porter*, 122 S.Ct. at 992. Under the TDOC's inmate grievance procedure, a prisoner who files a grievance with the grievance chairperson and receives an unfavorable decision may appeal the decision two additional levels. TDOC Policy No. 501.01 Section VI(C)(1)—(3). If the time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage. Section VI(C)(4). Bell alleged that he filed his district court complaint before his grievance was resolved because the grievance chairman told him his grievance might not be decided for months. Bell did not allege, however, that he attempted to move the grievance to the next stage after he did not receive a response. Moreover, the fact that his remedies were exhausted during the pendency of the suit does not satisfy the exhaustion requirement. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).

Bell's argument that the district court should have excused his failure to demonstrate exhaustion is without merit. As explained above, Bell could have moved the grievance to the next stage if it was improperly delayed. Moreover, the responses to Bell's letters and grievance indicate that he was receiving treatment for his hepatitis and that his grievance was delayed because the defendants were investigating his claims. Bell has not denied that he was treated or shown that any delay worsened his condition.

For the foregoing reasons, we deny Bell's request for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.