**Clydell MACK, Plaintiff–Appellant,**

**v.**

**Don DEWITT, et al., Defendants–Appellees.**

**No. 01–4066.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

This is an appeal from a district court judgment dismissing a prisoner civil rights complaint for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Ohio inmate Clydell Mack filed a civil rights complaint under 42 U.S.C. § 1983 against a prison guard and two corrections officials for an alleged invasion of Mack's Fourth Amendment right to privacy. The defendants moved to dismiss the complaint and the matter was eventually referred to a magistrate judge. The magistrate judge recommended that the complaint should be dismissed and the district court adopted this recommendation over Mack's objections. This appeal followed.

The only issue on appeal is whether the district court erred in concluding that Mack's complaint was subject to dismissal for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). This court reviews de novo a district court's dismissal of a prisoner civil rights action for failure to exhaust administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001). A de novo review of the present record supports the district court's judgment.

Mack filed a § 1983 complaint in which he alleged that one of the defendants, Corrections Officer Snyder, did the following: peeked at Mack in the shower and made inappropriate comments, entered Mack's cell and handcuffed Mack, and served Mack an evening meal without having first donned plastic gloves. At no place in the

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Lou-

isiana, sitting by designation.

complaint does Mack claim or show that he attempted to resolve these concerns through the prison administrative process. The defendants moved to dismiss the complaint on the ground that Mack had failed to show that he had exhausted his administrative remedies as required by § 1997e(a) and the magistrate judge agreed. Mack filed objections to the recommendation to dismiss in which he addressed the merits of his complaint, but did not show that he had exhausted his prison remedies. The district court adopted the recommendation to dismiss the complaint based on Mack's failure to exhaust.

A prisoner filing a civil rights complaint seeking to challenge any condition of his confinement must first exhaust all of his available administrative remedies, regardless of the relief requested. 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, ——, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998). The prisoner / plaintiff has the burden of demonstrating that he has exhausted these remedies, *Brown,* 139 F.3d at 1104, and he should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must first determine that the plaintiff has complied with this exhaustion requirement. *Id.* "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "[T]his Court has not hesitated to enforce § 1997e, even where such enforcement results in the dismissal of otherwise properly stated claims." *Curry,* 249 F.3d

at 501 n. 2 (6th Cir.2001). The State of Ohio provides a detailed grievance procedure by which an inmate is free to challenge "any aspect of institutional life." *See* Ohio Admin. Code § 5120–9–31(B).

In the case at bar, it is apparent that Mack failed to carry his burden to show that he has exhausted any of his administrative remedies available under Ohio law. This is evidenced by the absence of any reference to exhaustion in the body of the complaint and in the lack of supporting documentation (or argument) in Mack's objections to a recommendation that his complaint should be dismissed for this very lack of proof of exhaustion. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.