**Cameron Lee FITTS, Plaintiff–Appellant,**

v.

**Sandra MONROE, Nurse, Defendant–Appellee.**

No. 02–1392.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

---

## ORDER

Cameron Lee Fitts appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Fitts sued a prison nurse, alleging that she: 1) denied him medication; 2) retaliated against him; 3) assaulted him; 4) verbally abused him; and 5) wrongfully disclosed his confidential medical information to others. Over Fitts's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Fitts had not administratively exhausted his third, fourth, and fifth claims, and determined that his first two claims failed to state a claim; consequently, the court dismissed the case. In this timely appeal, Fitts moves for the appointment of counsel.

█ Upon review, we conclude that the district court properly dismissed Fitts's last three claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

Fitts did not exhaust his administrative remedies for his third, fourth, and fifth claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this 'exhaustion requirement. *Id.* Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000).

Fitts failed to fully exhaust his administrative remedies for these claims. Fitts argues that he exhausted his remedies in a grievance filed on November 5, 2001. However, he did not file this grievance until after the issuance of the magistrate judge's report, which relied on his failure to exhaust these claims to recommend their dismissal. Fitts clearly did not exhaust his remedies for these claims prior to the initiation of this suit, and he may not exhaust his remedies during the pendency of the action. *Freeman,* 196 F.3d at 645.

The district court properly dismissed Fitts's remaining claims for failure to state a claim. This court reviews de novo a district court's dismissal of a case for fail-

ure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ Fitts's first and second claims are not cognizable at this time. Fitts asserts that the defendant refused to give him medications and retaliated against him by filing misconduct reports. Documentation in the record reveals that the defendant did not give Fitts his medication on several occasions because he refused to follow the procedures required for receipt of the medication and he threatened to harm the defendant. As a result of his threats, the defendant filed misconduct reports against Fitts, and he was convicted of several major misconduct violations because of his actions toward the defendant. A claim is not cognizable under § 1983 where a judgment in the plaintiff's favor would necessarily imply the invalidity of a prison disciplinary conviction and the resulting sanction. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). As a decision addressing the merits of the prison disciplinary process underlying Fitts's major misconduct violations could create doubt as to the validity of those decisions, Fitts's first two claims are not cognizable under § 1983.

■ Lastly, Fitts argues that the district court improperly denied his motion to stay dispositive motions until discovery was completed. This court reviews a district court's decision concerning discovery matters for an abuse of discretion. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997). A plaintiff complaining that the district court granted judgment without allowing adequate discovery must be able to show that he could have obtained infor-

mation through discovery that would disclose material facts. *Id.* Fitts has only made vague assertions that more discovery time would produce additional evidence, and he has not shown that he would have obtained material facts by further discovery. Therefore, the district court did not abuse its discretion in limiting discovery. While Fitts also argues that the district court improperly denied his motion for a preliminary injunction, the dismissal of his underlying claims renders this argument moot.

Accordingly, this court denies Fitts's request for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.