**Ricky A. DUFF, Petitioner–Appellant,**

v.

**Ed YOUNT; Michale Furguson; Joe Martain, Respondents– Appellees.**

No. 02–5250.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.[*]

Ricky A. Duff, a Kentucky prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Duff sued Bell County, Kentucky, Forestry Camp corrections officials Ed Yount, Michale Furguson, and Joe Martain in Bell County, Kentucky, Circuit Court. Duff alleged that the defendants violated his rights under the First, Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and Sections 2 and 17 of the Kentucky Constitu-

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

tion when they retaliated against him for filing grievances by interfering with his requested transfer to Blackburn Correctional Complex. The defendants removed the case to the United States District Court for the Eastern District of Kentucky under 28 U.S.C. § 1441(b) and requested that the district court screen the complaint as required by the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. §§ 1915(e); 1915A. The district court recognized Duff's pauper status as granted by the state court, screened the complaint, and dismissed the complaint as frivolous. The court held that Duff's claim was barred by the applicable statute of limitations and that he had failed to exhaust his administrative remedies before filing suit. The court declined to exercise pendent jurisdiction over Duff's state law claims and remanded them to state court.

In his timely appeal, Duff argues that: (1) the district court erred by dismissing his claim on the basis of the statute of limitations; (2) the district court should not have applied the requirements of § 1983 claims to his claim brought under the Kentucky Declaratory Judgment Act; and (3) the district court should have granted him an opportunity to correct the deficiencies in his complaint.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). The PLRA requires district courts to screen and dismiss frivolous complaints. 28 U.S.C. § 1915A(b). A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Dellis v. Corr. Corp. of America,* 257 F.3d 508, 511 (6th Cir.2001).

■ Upon review, we agree with the district court that Duff's claims were barred by the applicable statute of limita-

tions. Duff alleged that he requested a transfer from the Bell County Forestry Camp, a minimum security facility, to the Blackburn Correctional Complex, another minimum security prison, in order to complete legal work. On June 26, 2000, the day scheduled for the transfer, the transfer was canceled and he was sent to the Northpoint Training Center, a medium security facility. Duff claimed that the transfer was in retaliation for grievances he had filed at Bell County Forestry Camp. Duff filed his action in state court on November 29, 2001, more than one year after his cause of action accrued. Thus, his claim was time-barred. *See* Ky.Rev. Stat. Ann. § 413.140(1)(a); *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990).

Duff's argument that his action was timely is without merit. Duff maintains that he could not have filed his petition within one year of June 26, 2000, because he could not document his claims until March 2001. Duff's claims accrued on June 26, 2000, the day his requested transfer was canceled, because he knew of the injuries that were the basis for his legal action. *See Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Thus, his November 2001 petition was untimely.

Duff's argument that the district court erred by dismissing the complaint sua sponte is without merit. The PLRA requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore,* 114 F.3d at 608–09; *accord,* 28 U.S.C. § 1915(e)(2). Because the district court properly found that Duff's complaint was untimely, the court's sua sponte dismissal was also proper.

■ We further conclude that we need not reach the issue of exhaustion of admin-

istrative remedies. Under the PLRA, exhaustion does not need to be considered where the claim is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). As explained above, Duff's complaint lacked a basis in law because his claims were barred by the statute of limitations. Accordingly, exhaustion of administrative remedies is not an issue in this case.

Finally, we conclude that the district court did not err by dismissing Duff's state law claims. Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Duff's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.