Dennis Guy ERDMAN, Plaintiff–
Appellant,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, Defendant–
Appellee.

No. 01–2618.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

### ORDER

Dennis Guy Erdman, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Erdman sued the Michigan Department of Corrections concerning the removal of one footlocker of legal materials from his possession which an administrative hearing officer deemed to be excess. Upon de novo review of a magistrate judge's report, the district court dismissed the case pursuant to 28 U.S.C. § 1915A as Erdman had failed to exhaust his available administrative remedies prior to filing his complaint. The magistrate judge also noted that it was questionable whether the Department had been properly served with the complaint in accordance with Fed.R.Civ.P. 4.

In his timely appeal, Erdman states that he had properly served the Department and that he had exhausted his available administrative remedies. Therefore, the case should be remanded to the district court. The district court's judgment is reviewed de novo. See Brown v. Bargery, 207 F.3d 863, 866 (6th Cir.2000).

The district court properly dismissed Erdman's complaint for failure to exhaust his available administrative remedies. Under 42 U.S.C. 4 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a 4 1983 action in federal court. See Brown v. Toombs, 139 F.3d 1102, 1103–04 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. Id. at 1104. Before a court can adjudicate a prisoner's claim, the court must determine if the prisoner has complied with the exhaustion requirement and should sua sponte enforce the exhaustion requirement. Id. A prisoner is required to pursue all levels of asministrative review to fully exhaust his claims and he cannot claim exhaustion when he abandoned the process before completion. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir.1999).

Erdman's complaint was received and filed with the district court on July 19, 2001. As the district court noted, the attached documentation with the complaint did not establish that Erdman had exhausted his available administrative remedies prior to filing his complaint. In his brief before this court, Erdman admits that he had not exhausted his administrative remedies until August 27, 2001. As Erdman had not exhausted his administrative remedies prior to filing his complaint, the district court did not err in dismissing Erdman's suit.

Erdman also contends that he properly served the Department with his complaint on October 11, 2001. At the time the magistrate judge issued her report on October 5, 2001, the magistrate judge was correct, by Erdman's own admission, that the Department had not been served with the complaint. Therefore, the magistrate judge's finding was correct. Although service was made before the district court issued its judgment, the service does not excuse Erdman's failure to exhaust his administrative remedies. Therefore, the complaint was properly dismissed.

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.