James W. JONES, Plaintiff–Appellant,

v.

WARREN COUNTY, TN.; Nettie Cutrell; Jackie Matheny, Defendants–Appellees.

No. 02–6433.

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

## ORDER

Pro se Tennessee prisoner James W. Jones appeals a district court order that dismissed his 42 U.S.C. § 1983 suit for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Jones sued Warren County, Tennessee, and two employees of the county jail. In his complaint, Jones stated that he did not exhaust his administrative remedies before filing suit because he distrusted the people who operated the jail.

The district court dismissed the suit under 42 U.S.C. § 1997e because the complaint plainly showed that Jones had not exhausted his administrative remedies.

In his timely appeal, Jones makes the misplaced argument that the district court erred in concluding that it lacked jurisdiction.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir. 2001).

The district court properly dismissed the complaint without prejudice for lack of exhaustion. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. To show exhaustion, a prisoner/complainant should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

*Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown,* 139 F.3d at 1104. When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, dismissal of the complaint is appropriate.

Further, while Jones correctly posits that § 1997e does not impose a jurisdictional bar to federal jurisdiction, the obligation to exhaust administrative remedies before resorting to federal court is a mandatory one. *See Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999) (holding that, though not jurisdictional, the requirement that administrative remedies be exhausted remains mandatory).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.